■ VIRGINIA CLAPS, Appellant, v ANIMAL HAVEN, INC., et al., Respondents. [825 NYS2d 125]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated December 23, 2005, which granted the motion of the defendant Animal Haven, Inc., and the separate cross motion of the defendant Petco Animal Supplies, Inc., doing business as Petco, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly sustained injuries when one of several dogs being shown for adoption by the defendant Animal Haven, Inc. (hereinafter Animal Haven), on the sidewalk in front of a

retail store of the defendant Petco Animal Supplies, Inc., doing business as Petco (hereinafter Petco), allegedly attacked her, biting down on her coat and thigh, and causing her to fall to the ground.

To recover in strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities (*see Bard v Jahnke*, 6 NY3d 592 [2006]; *Collier v Zambito*, 1 NY3d 444, 448 [2004]). Vicious propensities include the "propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Collier v Zambito, supra* at 446, quoting *Dickson v McCoy*, 39 NY 400, 403 [1868]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law on the second cause of action sounding in strict liability by presenting evidence that the dog previously had been shown approximately 30 times and was a "sweet" and "easily shown" dog who had never bitten or jumped on anyone or exhibited any aggressiveness. As such, the defendants did not have notice of any vicious propensities (*see Bard v Jahnke, supra*; *Collier v Zambito, supra*; *Cohen v Kretzschmar*, 30 AD3d 555 [2006]; *Slacin v Aquafredda*, 2 AD3d 624 [2003]). In response, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the dog had vicious propensities (*see Bard v Jahnke, supra*; *Collier v Zambito, supra*; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Cohen v Kretzschmar, supra*; *Slacin v Aquafredda, supra*).

The plaintiff cannot recover on the first cause of action sounding in common-law negligence (*see Bard v Jahnke, supra* at 599; *Morse v Colombo*, 31 AD3d 916 [2006]).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.