■ SONIA P. ORTIZ, Respondent, v SANTOS E. CONTRERAS et al., Appellants. [862 NYS2d 548]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 30, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the first cause of action sounding in common-law negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

To recover in strict liability in tort for damages caused by a dog bite, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). The defendants failed to submit evidence sufficient to establish, prima facie, that their dog did not have vicious propensities or that they did not know or have reason to know

of such propensities. In support of the motion, the defendants merely submitted the deposition testimony of the plaintiff, who met the dog for the first time minutes before the incident. The defendants did not provide any evidence of their dog's behavior generally and what they knew about the dog's general disposition and behavior. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action sounding in strict liability (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action sounding in common-law negligence, as the plaintiff cannot recover on such a cause of action (*see Bard v Jahnke,* 6 NY3d 592, 599 [2006]; *Claps v Animal Haven, Inc.,* 34 AD3d 715 [2006]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.