■ DANIELLE CHRISTIAN et al., Appellants, v PETCO ANIMAL SUPPLIES STORES, INC., et al., Respondents. [863 NYS2d 756]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated July 16, 2007, as granted that branch of the motion of the defendant Kenneth Coughlin which was for summary judgment dismissing the complaint insofar as asserted against him and the cross motion of the defendants Petco Animal Supplies Stores, Inc., and Petco Animal Supplies, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The infant plaintiff (hereinafter the plaintiff) allegedly sustained personal injuries when she was bitten by a dog owned by the defendant Kenneth Coughlin at a store owned and operated by the defendants Petco Animal Supplies Stores, Inc., and Petco Animal Supplies, Inc. (hereinafter together Petco). Coughlin moved, and Petco cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, alleging that there was no evidence of prior actual knowledge of the vicious propensity of the dog.

To recover in strict liability for damages caused by a dog bite, a plaintiff must prove that "the dog had vicious propensities

and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities" (*Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]).

The defendants established their prima facie entitlement to judgment as a matter of law on the first cause of action premised on strict liability. The evidence submitted established that the defendants were not aware, nor should they have been aware, that this dog had ever bitten anyone or exhibited any aggressive behavior (*see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d at 788; *Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-448 [2004]). The plaintiffs, in opposition, failed to submit any evidence sufficient to raise a triable issue of fact as to whether there was any prior knowledge of the dog's vicious propensities (*see Bard v Jahnke*, 6 NY3d at 596-597; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contention is without merit. Skelos, J.P., Ritter, Florio and Carni, JJ., concur. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51413(U).]