■ SABATINO PALUMBO, Appellant, v VIRGINIA NIKIRK et al., Respondents. [874 NYS2d 222]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated March 18, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a mail carrier, sustained injuries when he allegedly was bitten and attacked by a dog on the front steps of the defendants' house as he attempted to deliver the mail. The plaintiff, who crossed over the defendants' lawn and driveway from the house next door, and whose view of the dog was obstructed by a bush, did not see the dog or hear it bark until he opened the lid of the mailbox and was bitten.

To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities (*see Bard v Jahnke*, 6 NY3d 592 [2006]; *Collier v Zambito*, 1 NY3d 444, 448 [2004]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). " 'Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Collier v Zambito*, 1 NY3d at 446, quoting *Dickson v McCoy*, 39 NY 400, 403 [1868]; *see Claps v Animal Haven, Inc.*, 34 AD3d at 716).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that the dog had never bitten, jumped, or growled at anyone prior to the incident in question, nor had the dog exhibited any other aggressive or vicious behavior (*see Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d at 708; *Wilson v Whiteman*, 237 AD2d 814, 814-815 [1997]). In opposition, the plaintiff

failed to come forward with any proof in evidentiary form that the dog had ever previously bitten anyone or exhibited any vicious propensities. Furthermore, the presence of a "Beware of Dog" sign on the premises, the breed of the dog, and the owner's testimony that the dog was always on a leash were insufficient to raise a triable issue of fact as to the dog's vicious propensities in the absence of any evidence that prior to this incident the dog exhibited any fierce or hostile tendencies (*see Sers v Manasia,* 280 AD2d 539, 540 [2001]; *Lugo v Angle of Green,* 268 AD2d 567 [2000]; *Arcara v Whytas,* 219 AD2d 871, 872 [1995]; *DeVaul v Carvigo Inc.,* 138 AD2d 669, 670 [1988]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.