■ CRISTINA POLMAN et al., Respondents, v THOMAS TERSILLO et al., Appellants. [886 NYS2d 709]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated October 16, 2008, as, upon renewal, in effect, vacated so much of its prior order dated May 22, 2008, as granted that branch of their motion which was for summary judgment dismissing the cause of action alleging common-law negligence and as denied, as academic, the cross motion of the plaintiff counterclaim defendant Drew Polman for summary judgment dismissing the counterclaim asserted against him, and thereupon denied that branch of their motion and granted the plaintiff counterclaim defendant's cross motion.

Ordered that the order is modified, on the law, by deleting the provision thereof, upon renewal, denying that branch of the defendants' prior motion which was for summary judgment dismissing the cause of action alleging common-law negligence asserted against them by the plaintiff Cristina Polman, and substituting therefor a provision, upon renewal, adhering to so much of the order dated May 22, 2008, as granted that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

On the evening of August 12, 2006 the defendant Thomas Tersillo (hereinafter Thomas) was attempting to attach his 10-year-old golden retriever to a dog run outside the defendants' home. Thomas lost his grip on the dog's collar and the dog ran off, ignoring Thomas's commands that he return. After losing sight of the dog, Thomas put on his shoes to retrieve him, but before he could begin his search for the dog, he heard a screech and then a dog's yelp from the front of the house. Thomas then went around to the front of the house to find that the dog had run into the road and collided with a motorcycle owned and operated by the plaintiff counterclaim defendant Drew Polman (hereinafter Drew). The dog died as a result of the collision. Drew's wife, the plaintiff Cristina Polman (hereinafter Cristina),

was seated behind Drew on the passenger seat of the motorcycle. Upon colliding with the dog, Cristina fell from the motorcycle, allegedly sustaining injuries.

Cristina, with Drew suing derivatively (hereinafter together the plaintiffs), thereafter commenced this action against the dog's owners, Thomas and his wife, the defendant Elizabeth Tersillo (hereinafter together the defendants), asserting causes of action alleging common-law negligence and strict liability. The defendants answered and interposed a counterclaim against Drew for contribution and/or indemnification, alleging that Drew's negligent operation of the motorcycle contributed in whole or in part to the accident.

After discovery, the defendants moved for summary judgment dismissing the complaint on the grounds that a cause of action alleging common-law negligence does not lie against dog owners for injuries caused by their dog (*see Bard v Jahnke,* 6 NY3d 592 [2006]), and that they also could not be held liable under a theory of strict liability because there was no evidence of the dog's vicious propensities (*see Collier v Zambito,* 1 NY3d 444 [2004]; *Claps v Animal Haven, Inc.,* 34 AD3d 715, 716 [2006]). The plaintiffs opposed the motion, and Drew cross-moved to dismiss the counterclaim asserted against him. In an order dated May 22, 2008, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, Drew's cross motion for summary judgment dismissing the counterclaim. The court found that a cause of action alleging strict liability did not lie because the defendants' dog had "never previously exhibited the type of chasing behavior at issue in this case, nor any other vicious or dangerous proclivities." The court further found that pursuant to *Bard v Jahnke* (6 NY3d 592 [2006]), "the plaintiffs cannot recover under the theory of common-law negligence."

By notice of motion dated July 15, 2008, the plaintiffs moved for leave to renew their opposition to that branch of the defendants' prior summary judgment motion which was to dismiss so much of the complaint as alleged common-law negligence. The plaintiffs argued that renewal should be granted and that, upon renewal, the specified branch of the defendants' summary judgment motion should be denied in light of this Court's decision in *Petrone v Fernandez* (53 AD3d 221 [2008]), dated July 8, 2008, which, they argued, "explicitly held that *Bard* did not eliminate a common law negligence cause of action for personal injury caused by a domestic animal." In light of *Petrone,* and upon reconsideration of their submissions, the plaintiffs argued that they raised a question of fact with respect to so much of the complaint as alleged common-law negligence.

Drew, in his capacity as the counterclaim defendant, opposed renewal, but argued that if leave to renew were granted, he was entitled to reconsideration on the merits of his prior cross motion for summary judgment dismissing the counterclaim asserted against him.

The defendants opposed renewal, arguing that *Petrone* was incorrectly decided because it contradicted *Bard* and, in any event, under *Petrone,* in order for a dog owner to be held liable, there must be evidence of a violation of a leash law in addition to aggressive behavior by a dog, which was not present in this case.

The Supreme Court, inter alia, granted the plaintiffs' motion for leave to renew and, upon renewal, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence finding, pursuant to *Petrone,* that there was a triable issue of fact as to "whether defendants' dog exhibited 'affirmative canine behavior' which, coupled with an alleged violation of the operative dog control law, could give rise to a common-law negligence claim." The court also granted Drew's cross motion for summary judgment dismissing the counterclaim asserted against him. The defendants appeal. We modify.

*Petrone* was recently reversed by the Court of Appeals, which reaffirmed its prior determination in *Bard* that "there is no such thing as negligence liability where harm done by domestic animals is concerned" (*Petrone,* 12 NY3d 546, 550 [2009] [internal quotation marks omitted]). "In sum, when harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier,*" i.e., strict liability (*Bard,* 6 NY3d at 599 [emphasis added]). In light of the decision of the Court of Appeals in *Petrone,* reaffirming *Bard,* upon renewal, the original determination in the order dated May 22, 2008, granting that branch of the defendant's motion which was to dismiss the cause of action alleging common-law negligence, must be adhered to.

In light of our determination, the appellants' remaining contentions are academic. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.