■ RICKY VARVARO et al., Appellants, v ANITA BELCHER, Respondent. [885 NYS2d 732]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 2, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the second, third, and fourth causes of action of the amended complaint, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

According to the plaintiffs, on February 19, 2006 their dog, a chihuahua, was attacked by the defendant's dog, an akita. The plaintiff Ricky Varvaro (hereinafter Varvaro) stated in his deposition that when he arrived at the scene of this altercation, his chihuahua was bleeding and the dog's side had been "ripped open," the defendant's akita was hovering over the chihuahua, and Varvaro's wife, the plaintiff Marion Varvaro, was unsuccessfully trying to get the akita away from the chihuahua. Varvaro "tackled" the defendant's dog so that his wife could retrieve the injured chihuahua, which ultimately died as a result of the injuries inflicted by the akita. Varvaro restrained the akita in a "headlock" and struggled with the dog, "hitting him against [a] tree." Varvaro allegedly sustained injuries as a result of his struggle with the akita.

"To recover in strict liability for damages caused by a dog bite, a plaintiff must prove that 'the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities' " (*Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 707-708 [2008], quoting *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]). Here, the defendant failed to submit evidence sufficient to establish, prima facie, that her dog did not have vicious propensities and that she did not know

or have reason to know of such propensities. Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the second, third, and fourth causes of action of the amended complaint.

However, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging common-law negligence, as the plaintiffs cannot recover on such a cause of action (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *see also Bard v Jahnke*, 6 NY3d 592 [2006]; *Ortiz v Contreras*, 53 AD3d 603, 604 [2008]). Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.