■ JANIS EGAN et al., Respondents, v DONNA HOM et al., Appellants. [905 NYS2d 624]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohen, J.), dated July 1, 2009, as denied those branches of their motion which were for summary judgment dismissing the first, second, and fourth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the first, second, and fourth causes of action are granted.

The injured plaintiff and her husband, suing derivatively, commenced this action against the defendants, who are their relatives, contending that the defendants' dog caused the injured plaintiff to sustain personal injuries when she allegedly became entangled in the dog's chain, which was attached to a dog "runner," while the dog was "running around" the defendants' yard. The plaintiffs alleged four causes of action in their complaint: common-law negligence; strict liability based on the dog's known vicious propensities; nuisance due to the defendants' failure to control their dog; and the husband's derivative

claim resulting from the injuries sustained by his wife, the injured plaintiff.

Following the completion of discovery and the filing of the note of issue, the defendants moved for summary judgment dismissing the complaint on the grounds, inter alia, that a cause of action alleging common-law negligence does not lie against dog owners for injuries caused by their dog, and that they also could not be held liable under a theory of strict liability because there was no evidence of vicious propensities. The plaintiffs opposed the motion. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, except as to the third cause of action alleging nuisance. The defendants appeal, and we reverse insofar as appealed from.

" '[W]hen harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier* [*v Zambito*, 1 NY3d 444 (2004)]' " (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009], quoting *Bard v Jahnke*, 6 NY3d 592, 599 [2006]), that is, the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities (*see Collier v Zambito*, 1 NY3d at 446-447; *Polman v Tersillo*, 65 AD3d 1207, 1209 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]).

Applying these principles to the matter at bar, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging common-law negligence, since New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal (*see Petrone v Fernandez*, 12 NY3d at 550; *Bard v Jahnke*, 6 NY3d at 599; *Collier v Zambito*, 1 NY3d at 446-447; *Varvaro v Belcher*, 65 AD3d 1225, 1226 [2009]).

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action sounding in strict liability. The defendants met their initial burden of demonstrating that there was no evidence that the dog, albeit excitable, overly friendly, and frisky, had aggressive or vicious propensities (*see Petrone v Fernandez*, 12 NY3d at 550; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]; *Bard v Jahnke*, 6 NY3d at 597). In opposition, the plaintiffs, who were frequent visitors of the defendants' residence, failed to submit evidence sufficient to raise a triable issue of fact (*see Collier v Zambito*, 1 NY3d at 447; *Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d at 708).

In light of this determination, that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action based on the husband's derivative claim also should have been granted. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31537(U).]**