■ HELEN WRIGHT, Appellant, v JACQUELINE FIORE, Respondent, et al., Defendant. [908 NYS2d 882]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 18, 2009, as granted that branch of the motion of the defendant Jacqueline Fiore which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

" '[W]hen harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier* [*v Zambito* (1 NY3d 444 [2009])]'—i.e., the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities" (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009] [citation omitted], quoting *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787 [2008]; *Collier v Zambito*, 1 NY3d at 446-447). Here, through submission of the parties' deposition testimony, the defendant Jacqueline Fiore established, prima facie, that her dog never exhibited any vicious propensities (*see Bard v Jahnke*, 6 NY3d at 597; *Collier v Zambito*, 1 NY3d at 446-447; *Dykeman v Heht*, 52 AD3d 767, 769 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Collier v Zambito*, 1 NY3d at 447; *Levine v Kadison*, 70 AD3d 651 [2010]).

Moreover, the plaintiff cannot recover in common-law negligence (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Bard v Jahnke*, 6 NY3d at 599; *Collier v Zambito*, 1 NY3d at 446-447; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Frank v Eaton*, 54 AD3d 805

[2008]). Accordingly, Fiore's alleged violation of the local leash law is "irrelevant because such a violation is only some evidence of negligence, and negligence is no longer a basis for imposing liability" after *Collier* and *Bard (Alia v Fiorina,* 39 AD3d 1068, 1069 [2007]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Fiore's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.