JEFF ROSENBAUM et al., Appellants, v SEAN RAUER et al., Respondents. [915 NYS2d 136]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 29, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were to dismiss the second, third, fourth, and fifth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiff Jeff Rosenbaum allegedly was injured when he came to the aid of the defendants' dog, which had become caught in a fence separating the plaintiffs' property from the defendants' property. When Rosenbaum attempted to separate the parts of the fence between which the dog's paw was wedged, the dog bit him. Rosenbaum and his wife, suing derivatively, commenced this action against the defendants, and the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

In support of their motion, the defendants submitted their own deposition testimony, as well as that of the plaintiffs. Although the defendants testified that the plaintiffs' prior complaints about the defendants' dog had been limited to the dog's tendency to dig holes under the fence separating the two properties, the plaintiffs testified that they had also advised the defendants that the dog had frequently thrust its head under the fence and growled, shown its teeth, and snapped at the plaintiffs. This testimony raised a triable issue of fact as to whether the defendants knew or should have known that the dog had vicious propensities, which would render them strictly liable for the harm caused by the dog (see Collier v Zambito, 1 NY3d 444, 446-447 [2004]). Consequently, the defendants did not demonstrate the absence of any material issues of fact, and thus failed to make a prima facie showing of their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Contrary to the Supreme Court's determination, any possible comparative fault on Rosenbaum's part presents an issue to be determined by the finder of fact (see CPLR 1411; Sammis v Nassau/Suffolk Football League, 95 NY2d 809 [2000]; Todd v

*Godek*, 71 AD3d 872 [2010]; *Sokolovsky v Mucip, Inc.*, 32 AD3d 1011, 1011-1012 [2006]).

The defendants, however, were entitled to summary judgment dismissing the first cause of action, sounding in common-law negligence, since no such cause of action is available where a plaintiff's injuries are caused by a domestic animal (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Bard v Jahnke*, 6 NY3d 592 [2006]; *Varvaro v Belcher*, 65 AD3d 1225, 1226 [2009]). Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.