■ DEBRA ROCHE, Appellant, v STEVEN BRYANT et al., Respondents. [916 NYS2d 185]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 6, 2010, which granted the

defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating, through their deposition testimony, that they "were not aware, nor should they have been aware, that this dog had ever bitten anyone or exhibited any aggressive behavior" (*Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]; *see Collier v Zambito*, 1 NY3d at 447; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). Specifically, the defendants testified that the dog had lived with them and their small children, without incident, for approximately six years before it bit the plaintiff. Prior to that incident, the defendants had not seen the dog bite, growl at, bare its teeth toward, or act aggressively toward anyone. The fact that the dog might have been customarily confined in the garage cannot, by itself, serve as a predicate for liability because "[t]here was no evidence that [the dog] was confined because the owners feared [it] would do any harm to their visitors" (*Collier v Zambito*, 1 NY3d at 447; *see Sers v Manasia*, 280 AD2d 539, 540 [2001]).

The plaintiff failed to raise a triable issue of fact in opposition. The only evidence offered by the plaintiff to demonstrate that, prior to this incident, the dog actually exhibited any fierce or hostile tendencies was inadmissible hearsay (*see Stock v Otis El. Co.*, 52 AD3d 816, 817 [2008] [inadmissible hearsay "is insufficient to bar summary judgment if it is the only evidence submitted" (internal quotation marks omitted)]; *Rodriguez v Sixth President*, 4 AD3d 406 [2004]; *Palumbo v Nikirk*, 59 AD3d at 691; *Sers v Manasia*, 280 AD2d at 540; *Lugo v Angle of Green*, 268 AD2d 567 [2000]).

To the extent that the complaint alleged a common-law negligence cause of action, that cause of action was properly dismissed because "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Petrone v Fernandez*, 12 NY3d at 550; *Wright v Fiore*, 77 AD3d 821 [2010]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.