■ Nubia Curbelo, Appellant, v Margaret G. Walker, Respondent. [916 NYS2d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated April 16, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she was attacked by a group, or "pack," of six dogs owned by the defendant. The complaint asserted two causes of action, the first alleging strict liability based on the dogs' known vicious propensities, and the second sounding in common-law negligence and alleging that the defendant permitted the six dogs to run on a public street, unleashed, in violation of the local leash laws (*see* Code of City of Glen Cove §§ 87-20, 87-21).

Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the grounds, inter alia, that she could not be held liable under a theory of strict liability because there was no evidence of vicious propensities with respect to any of her six dogs, and that a cause of action alleging common-law negligence does not lie against a dog owner for injuries caused by his or her dog. The plaintiffs opposed the motion. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.

" '[W]hen harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in [*Collier v Zambito*, 1 NY3d 444 (2004)]' " (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009], quoting *Bard v Jahnke*, 6 NY3d 592, 599 [2006]). To recover in strict liability in tort for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (*see Collier v Zambito*, 1 NY3d at 446-447; *Polman v Tersillo*, 65 AD3d 1207, 1209 [2009]; *Wright v Fiore*, 77 AD3d 821 [2010]; *Egan v Hom*, 74 AD3d 1133 [2010]). Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl, snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (*see Bard v Jahnke*, 6 NY3d at 597; *Collier v Zambito*, 1 NY3d at 446-447).

Applying these principles to the matter at bar, the Supreme Court properly granted that branch of the defendant's motion

which was for summary judgment dismissing the first cause of action sounding in strict liability. The defendant met her initial burden by demonstrating that she had no knowledge, or reason to know, that any of the six dogs had aggressive or vicious propensities. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant knew or should have known of the alleged viciousness of any of the six dogs (*see Collier v Zambito*, 1 NY3d at 447; *Palumbo v Nikirk*, 59 AD3d 691 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]). The plaintiff's submission of an affidavit from an animal behavior consultant who opined that the dogs may have engaged in "social facilitation" and acted with a "pack" behavior constituted nothing more than speculation and surmise. Such speculation, surmise, and/or conjecture is insufficient to raise a triable issue of fact (*see Lahowin v Ganley*, 265 AD2d 530 [1999]; *Miller v JWP Forest Elec. Corp.*, 232 AD2d 615 [1996]).

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the second cause of action alleging common-law negligence, since New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal (*see Petrone v Fernandez*, 12 NY3d at 550; *Bard v Jahnke*, 6 NY3d at 599; *Collier v Zambito*, 1 NY3d at 446-447; *Egan v Hom*, 74 AD3d at 1134). We reject the plaintiff's argument that this Court should recognize a common-law negligence claim based on the defendant's actions in allegedly releasing six dogs in a public place, in light of the clear constraints against recognizing such claims imposed by the Court of Appeals holdings in *Petrone v Fernandez* (12 NY3d 546 [2009]), *Bard v Jahnke* (6 NY3d 592 [2006]), and *Collier v Zambito* (1 NY3d 444 [2004]), as well as this Court's recent precedents of *Wright v Fiore* (77 AD3d 821 [2010]) and *Egan v Hom* (74 AD3d 1133 [2010]). Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.