■ EMMELINE SAREYANI-COFFEY, Respondent, v NANCY McALEER, as Administrator of the Estate of ANN ZELDA SHIKORA, Also Known as ANNZELDA SHIKORA, Deceased, et al., Appellants. [977 NYS2d 403]—

In an action to recover damages for personal injuries, the defendant Nancy McAleer, as Administrator of the Estate of Ann Zelda Shikora, also known as Annzelda Shikora, deceased, appeals, and the defendants Nancy McAleer, individually, and Frank McAleer separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 29, 2012, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the defendants appearing separately and filing separate briefs, and the defendants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted.

The plaintiff allegedly sustained personal injuries as a result of being attacked by a dog owned by the defendants Nancy McAleer and Frank McAleer (hereinafter together the McAleers) at the property of the decedent Ann Zelda Shikora, also known as Annzelda Shikora. The McAleers were away on vacation, and Shikora, Nancy McAleer's mother, was taking care of the McAleers' dog at her own residence. The plaintiff was visiting Shikora when the incident occurred. As a result, the plaintiff commenced this action against the McAleers and Shikora. Shikora subsequently died, and Nancy McAleer, as the administrator of Shikora's estate (hereinafter the administrator), was substituted as a defendant. The McAleers moved, and the administrator separately moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

To recover in strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that "the owner or the person in control of the dog" knew or should have known of such propensities (*Teehan v Callahan*, 278 AD2d 306, 306 [2000]; *see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Varvaro v Belcher*, 65 AD3d 1225 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707 [2008]; *Claps v Animal Haven, Inc.*, 34 AD3d 715 [2006]). Here, the Supreme Court should have granted those branches of the motions which were for summary judgment dismissing the second cause of action premised on strict liability and all cross claims insofar as asserted against the defendants. The evidence submitted established that the "defendants were not aware, nor should they have been aware, that this dog had ever bitten anyone or exhibited any aggressive behavior" (*Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d at 708; *see Bernstein v Penny*

*Whistle Toys, Inc.*, 10 NY3d 787 [2008]; *Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Ayres v Martinez*, 74 AD3d 1002 [2010]). The plaintiff, in opposition, failed to submit any evidence sufficient to raise a triable issue of fact (*see Bard v Jahnke*, 6 NY3d 592 [2006]; *Collier v Zambito*, 1 NY3d 444 [2004]).

The Supreme Court also should have granted those branches of the motions which were for summary judgment dismissing the first cause of action alleging common-law negligence, since "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Petrone v Fernandez*, 12 NY3d at 550; *Roche v Bryant*, 81 AD3d at 708). Balkin, J.P., Lott, Austin and Miller, JJ., concur.