*546 Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 23, 2013, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
In this action for injuries suffered by plaintiff when she was allegedly scratched or bitten in the face by defendant’s dog, plaintiff stated that she was walking in Central Park when she saw defendant’s dog, whose hind paw was caught in a fence, wailing in pain. Plaintiff claims that she was leaning over the dog and deciding what to do, when the dog lunged at her and scratched or bit her face. However, both the hospital records and police report state that plaintiff was attempting to free the dog. Defendant dog owner, who was present and rushing over to her dog, states that plaintiff, wrapped her arms around the dog’s head and neck. In support of the motion for summary judgment, defendant submitted evidence of her dog’s gentle disposition and her lack of knowledge of any vicious propensities, including four affidavits from neighbors and other dog owners who know defendant’s dog, as well as test results indicating that the dog was awarded the American Kennel Club’s Good Citizen certification. The latter demonstrates that defendant’s dog is cooperative, and does not have a history of attacking, or injuring people.
In opposition, plaintiff submitted deposition testimony from defendant’s neighbor who stated that, prior to this incident, the neighbor’s two dogs and defendant’s dog, had a history of growling at each other and had been involved in two scuffles, one where one of the neighbor’s dogs bit defendant’s dog and one or possibly two where defendant’s dog was the aggressor but she retreated when the neighbor reprimanded her. The neighbor further testified that she complained to defendant about her dog’s behavior, but acknowledged that defendant’s dog was not aggressive toward her and had never bitten or hurt her dogs.
In order to establish liability, there must be some evidence that the dog demonstrated vicious propensities prior to the incident (Collier v Zambito, 1 NY3d 444, 446-447 [2004]). The only case with facts at all comparable to those here is Rosenbaum v Rauer (80 AD3d 686 [2d Dept 2011]), in which the plaintiff was also injured when trying to assist a dog who was caught in a fence. In Rosenbaum, however, there was evidence that the defendants’ dog “had frequently . . . growled, shown its teeth, and snapped at the plaintiffs” {Rosenbaum, 80 AD3d at 686). Accordingly, the Second Department found that there was a tri *547 able issue of fact as to the animal’s vicious propensities when it bit the injured plaintiff.
No court has found that a dog’s growling at one or two other dogs is sufficient to establish vicious propensities, and the Third Department has specifically held that growling and baring of teeth, even at people, is insufficient to give notice of a dog’s vicious propensities (see Brooks v Parshall, 25 AD3d 853 [3d Dept 2006]). Here, the evidence, which establishes only that defendant’s dog growled at two other dogs, one of whom had bitten her, and never growled or bared her teeth at any people, is insufficient to raise an issue of fact as to the dog’s vicious propensities. Accordingly, defendant is entitled to summary judgment dismissing the complaint. Concur — Gonzalez, EJ., Tom, Renwick, Freedman and Clark, JJ.