■ Marcos Vallejo, Appellant, v Roseanna Marie Ebert, Respondent. [991 NYS2d 656]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 12, 2013, as granted the defendant's cross motion for summary judgment dismissing the complaint and denied those branches of his motion which were to compel the deposition of nonparty witnesses, hold them in contempt for their failure to appear for a deposition, and arrest and detain them until they were deposed, and (2) a judgment of the same court dated September 27, 2013, which, upon the order, is in favor of the defendant and against him dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see* *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To recover in strict liability in tort for damages caused by a dog, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (*see* *Petrone v Fernandez*, 12 NY3d 546 [2009]; *Roche v Bryant*, 81 AD3d 707 [2011]; *Varvaro v*

*Belcher*, 65 AD3d 1225 [2009]; *Merino v Martinez*, 63 AD3d 1123 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707 [2008]). Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (*see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]; *Curbelo v Walker*, 81 AD3d 772 [2011]; *Rosenbaum v Rauer*, 80 AD3d 686 [2011]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law (*see Roche v Bryant*, 81 AD3d 707 [2011]; *Miletich v Kopp*, 70 AD3d 1095 [2010]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707 [2008]). Evidence submitted in support of the motion, including a transcript of the deposition testimony of the defendant, showed that the dog had been living with the defendant's family, which included a small child, without incident, for approximately four or five years before it bit the plaintiff. Prior to the incident, the defendant had not seen the dog exhibit aggressive behavior. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was aware, or should have been aware, that her dog had vicious propensities (*see Collier v Zambito*, 1 NY3d 444 [2004]). The mere presence of a "Beware of Dog" sign on the defendant's property, and the fact that the dog might have been confined when there was a celebration at the premises, were insufficient to raise a triable issue of fact (*see Collier v Zambito*, 1 NY3d at 447; *Roche v Bryant*, 81 AD3d 707 [2011]; *Sers v Manasia*, 280 AD2d 539 [2001]).

To the extent that the complaint alleged a common-law negligence cause of action, the Supreme Court properly awarded summary judgment to the defendant dismissing the cause of action because "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Hastings v Sauve*, 21 NY3d 122, 125-126 [2013]; *Petrone v Fernandez*, 12 NY3d at 550).

Since further discovery would not have affected the outcome of the cross motion for summary judgment, the plaintiff's contentions that the Supreme Court should have granted those branches of his motion which were to compel the deposition of nonparty witnesses, hold them in contempt for their failure to appear for their scheduled depositions, and arrest and detain them until they were deposed have been rendered academic by

our determination. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.