■ Sheena Jackson, Appellant, v Jorge Georgalos et al., Respondents. [19 NYS3d 339]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated June 27, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was employed as a postal worker, allegedly was injured when she attempted to deliver mail at the defendants' residence in Mount Vernon. The plaintiff alleged that as she walked up the steps to the front door, the defendants' dog, who was barking, jumped on the screen door, the door "flew open," and the dog ran out of the house. As the plaintiff turned to get away from the dog, her ankle twisted, causing her to fall on the steps. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Velez v Andrejka*, 126 AD3d 685 [2015]; *Vallejo v Ebert*, 120 AD3d 797, 798 [2014]). Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl,

snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (*see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Collier v Zambito*, 1 NY3d at 446-447; *Vallejo v Ebert*, 120 AD3d at 798; *Curbelo v Walker*, 81 AD3d 772 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through their deposition testimony, that their dog was friendly and had never growled at, chased, bitten, or attacked anyone, and that they were unaware of any prior complaints about their dog's behavior (*see Collier v Zambito*, 1 NY3d at 447; *Roche v Bryant*, 81 AD3d 707, 707 [2011]; *Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]). Specifically, the defendants testified at their depositions that their dog had lived with them and their small children for approximately five years prior to this incident, and the dog had never previously attempted to run out their front door (*see Roche v Bryant*, 81 AD3d at 707). The defendants also testified that they had never seen their dog act aggressively toward a mail carrier.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit submitted by the plaintiff did not raise a triable issue of fact as to whether the defendant Joanne Guerrero-Georgalos was aware of the dog's alleged propensity to run out of the house and chase after people.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.