JOAN COSGROVE, Appellant, v TRUMP NATIONAL GOLF CLUB et al., Respondents. [21 NYS3d 343]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated July 30, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 23, 2012, the plaintiff was walking her dog in her neighbor's yard when they allegedly were attacked by another dog which belonged to the defendant Scott M. Blough. The plaintiff allegedly sustained injuries to her legs as a result of being scraped by the two front paws of Blough's dog. Thereafter, the plaintiff commenced this action against Blough, among others, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

Aside from a limited exception for straying farm animals (*see Hastings v Sauve*, 21 NY3d 122, 125-126 [2013]), which has no application here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Doerr v Goldsmith*, 25 NY3d 1114 [2015]; *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). Thus, to the extent that the complaint asserted a cause of action based on a theory of common-law negligence, summary judgment dismissing that cause of action was properly granted.

To recover in strict liability for damages caused by a dog, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (*see Petrone v Fernandez*, 12 NY3d at 550; *Collier v Zambito*, 1 NY3d 444, 446 [2004]). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (*Vallejo v Ebert*, 120 AD3d 797, 798 [2014]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Collier v Zambito*, 1 NY3d at 446-447).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by showing that they were not aware, and should not have been aware, of any vicious propensity regarding Blough's dog (*see Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Egan v Hom*, 74 AD3d at 1134; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]). The defendants' submissions demonstrated that the dog, which assisted Blough by chasing geese from the greens at the defendant Trump National Golf Club, where Blough was employed, had never attacked, bitten, or come into physical contact with any of the geese and would only run after them. Their submissions established that, prior to the encounter with the plaintiff and her dog, there had never been any reported incident of aggression or viciousness regarding Blough's dog.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants were aware, or should have been aware, that Blough's dog had vicious propensities (*see Collier v Zambito*, 1 NY3d at 448; *Vallejo v Ebert*, 120 AD3d at 798).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.