■ CRAIG JONES, Appellant, v BRENTON L. BURRELL, Also Known as DEVAN BURRELL, Defendant, and DOUBLE D DEVELOPMENT, LLC, Respondent. [24 NYS3d 917]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated April 3, 2014, as granted the motion of the defendant Double D Development, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the motion of the defendant Double D Development, LLC (hereinafter Double D), for summary judgment dismissing the amended complaint insofar as asserted against it. The only cause of action asserted against Double D in the amended complaint is a common-law negligence cause of action to recover damages for injuries caused by a domestic animal. Since New York does not recognize such a cause of action, aside from the limited exception set forth in *Hastings v Sauve* (21 NY3d 122, 125-126 [2013]) regarding a farm animal that strays from the place where it is kept (*see Carey v Schwab*, 122 AD3d 1142, 1143-1145 [2014]), which is not at issue here, Double D established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it (*see generally Sareyani-Coffey v McAleer*, 112 AD3d 907, 909 [2013]; *Roche v Bryant*, 81 AD3d 707, 708 [2011]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are not properly before this Court or without merit. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.