Johnson v Meneses (2025 NY Slip Op 01618)

Johnson v Meneses

2025 NY Slip Op 01618

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-01971
 (Index No. 519039/21)

[*1]Josette Johnson, appellant, 
v
Laura Meneses, et al., defendants, Dina Realty, LLC, respondent.

David J. Hernandez, Brooklyn, NY, for appellant.
Molod Spitz & Desantis, P.C., New York, NY (Robert A. Van Hagen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 21, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Dina Realty, LLC, which was for summary judgment dismissing the second cause of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when two dogs owned by the defendant Gerardo Romaro jumped on her while she was walking on a sidewalk, causing her to fall to the ground. At the time of the incident, Romaro was moving the dogs, without leashes, from a van parked on the street into a fenced vacant lot owned by the defendant Dina Realty, LLC (hereinafter Dina Realty), and leased to Romaro's friend, the defendant Laura Meneses.
The plaintiff commenced this action to recover damages for personal injuries, alleging, in the second cause of action, strict liability on the part of Dina Realty, among others. After discovery, Dina Realty moved, inter alia, for summary judgment dismissing the second cause of action insofar as asserted against it. By order dated September 21, 2023, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
To recover against a property owner on a theory of strict liability for injuries caused by a dog, "the plaintiff must demonstrate that the owner: (1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the property owner to remove or confine the dog" (Agro v Olivieri, 226 AD3d 734, 734 [internal quotation marks omitted]; see Sarno v Kelly, 78 AD3d 1157, 1157). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Agro v Olivieri, 226 AD3d at 734 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (id. [internal quotation marks omitted]). "In contrast, [k]nowledge of normal canine behavior, such as running [*2]around, pulling on a leash and barking at another dog or passersby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities" (id. [internal quotation marks omitted]; see Brooks v Adell, 211 AD3d 792, 793).
Here, Dina Realty established, prima facie, that it was not aware, nor should it have been aware, that Romaro's dogs had any vicious propensities. The plaintiff's deposition testimony, which was submitted in support of Dina Realty's motion, that the dogs barked at all passersby when they were confined in the subject fenced lot and jumped up on the fence, causing it to shake, merely described normal canine behavior. Thus, even assuming that Dina Realty should have been aware of the alleged daily presence of the dogs on the lot and of this barking behavior, it could not be charged with knowledge of any vicious propensities on the part of the dogs (see Agro v Olivieri, 226 AD3d at 734-735; King v Hoffman, 178 AD3d 906, 909; Egan v Hom, 74 AD3d 1133, 1134).
Accordingly, the Supreme Court properly granted that branch of the motion of Dina Realty which was for summary judgment dismissing the second cause of action insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court