MEGHAN GALGANO et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [840 NYS2d 794]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered December 27, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To recover in strict liability in tort for a dog bite or attack, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's propensities (see Longstreet v Peltz, 33 AD3d 673 [2006]; Lugo v Angle of Green, 268 AD2d 567 [2000]). Evidence tending to demonstrate a dog's vicious propensities includes that of a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]). The defendants established their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that they neither knew nor should have known of any prior vicious propensity on the part of the subject dog and that, while under their dominion, the subject dog acted in a manner inconsistent with a dog possessed of vicious propensities (see Bard v Jahnke, supra; Collier v Zambito, supra; Claps v Animal Haven, Inc., 34 AD3d 715 [2006]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The fact that the subject dog was brought to the animal shelter because another dog in the owner's household did not get along with it is not indicative that it had vicious propensities.

The plaintiffs' remaining contention is without merit. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.