MEGAN NOELLE GRUBB, Appellant, v JOHN K. HEALY et al., Respondents. [859 NYS2d 482]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered May 5, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages resulting from a dog bite. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We reverse.

To recover in strict liability in tort for a dog bite or attack, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of such propensities (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). Evidence tending to demonstrate a dog's vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and the fact that the dog was kept as a guard dog (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). Here, in opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the defendants' dog had vicious propensities and, if so, whether the defendants knew or should have known of the

same. Thus, the defendants' motion for summary judgment dismissing the complaint should have been denied. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.