■ ELLEN LEVINE, Appellant, v ANDREW M. KADISON et al., Respondents. [892 NYS2d 893]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 24, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 1, 2007, the defendants' dog came down the defendants' driveway in the direction of the plaintiff as she was taking a neighborhood walk. The plaintiff then entered the defendants' driveway to pet the dog, which she had petted on two previous occasions without incident. After the plaintiff petted the dog for a minute or two, the dog suddenly jumped up and bit her face. The plaintiff thereafter commenced this action against the defendant dog owners to recover damages for personal injuries.

" '[W]hen harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier* [*v Zambito* (1 NY3d 444 [2004])]'—i.e., the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities" (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009], quoting *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787 [2008]; *Collier v Zambito*, 1 NY3d at 446-447). Here, through submission of the defendants' deposition testimony and the affidavit of the defendant Andrew M. Kadison, the defendants established, prima facie, that they lacked knowledge of the dog's vicious propensities, as they demonstrated that the dog had never previously been aggressive, growled, bared his teeth, bitten anyone, or exhibited any other hallmark signs of viciousness (*see Bard v Jahnke*, 6 NY3d at 597; *Collier v Zambito*, 1 NY3d at 446-447; *Dykeman v Heht*, 52 AD3d 767, 769 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Collier v Zambito*, 1 NY3d at 447; *cf. Dykeman v Heht*, 52 AD3d at 769). The plaintiff's affidavit, which was her sole submission in opposition to the defendants' motion, raised only feigned issues of fact designed to avoid the consequences of her earlier deposition testimony (*see Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]; *Hunt v Meyers*, 63 AD3d 685 [2009]; *Denicola v Costello*, 44 AD3d 990 [2007]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.