◼ DYLAN SCERRI et al., Respondents, v JOHN WALSH et al., Appellants. [893 NYS2d 875]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated July 13, 2009, as granted the plaintiffs' motion for summary judgment on the issue of liability and denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the plaintiffs established their entitlement to judgment as a matter of law by demonstrating that the defendants were aware of their dog's "vicious propensities" (*Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]; *Marek v Burmester*, 37 AD3d 668, 669 [2007]), with evidence that the dog had bitten, "mouthed," growled, or "snapped" at three other children prior to the instant attack (*see Collier v Zambito*, 1 NY3d 444, 447 [2004]; *Dykeman v Heht*, 52 AD3d 767, 769 [2008]; *Seybolt v Wheeler*, 42 AD3d 643, 644 [2007]). In opposition, the defendants failed to raise a triable issue of fact (*see Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]; *Longstreet v Peltz*, 33 AD3d 673 [2006]). Accordingly, the court properly awarded summary judgment on the issue of liability in favor of the plaintiffs.

Contrary to the defendants' argument, the plaintiffs showed "good cause" in the form of a "satisfactory explanation for the untimeliness" of their summary judgment motion (*Brill v City of New York*, 2 NY3d 648, 652 [2004]; *see* CPLR 3212 [a]).

In light of our determination, the defendants' remaining contention has been rendered academic. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.