■ DERLING HODGSON-ROMAIN et al., Appellants, v WILLIE HUNTER et al., Respondents. (And a Third-Party Action.) [899 NYS2d 300]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief and by stipulation dated May 26, 2009, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered September 29, 2008, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

An owner's liability for a dog bite or attack is determined solely by application of the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities (see *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]; *Levine v Kadison*, 70 AD3d 651 [2010]). Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm (see *Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by presenting evidence that the dog was a playful animal, and that they had no knowledge that the dog had ever growled at, chased, bitten, or attacked anyone (see *Levine v Kadison*, 70 AD3d at 652; *Palumbo v Nikirk*, 59 AD3d 691 [2009]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]; *Claps v Animal Haven, Inc.*, 34 AD3d 715 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavits of the plaintiffs and the injured plaintiff's mother raised only feigned issues of fact designed to avoid the consequences of the plaintiffs' earlier deposition testimony (see *Blochl v RT Long Is. Franchise, LLC*, 70 AD3d 993 [2010]; *Levine v Kadison*, 70 AD3d at 652; *Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]; *Hunt v Meyers*, 63 AD3d 685, 686 [2009]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.