■ ANDREW MIGUEL AYRES, Respondent, v POMPEYO MARTINEZ et al., Appellants. [902 NYS2d 668]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated June 19, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

An owner's liability for a dog bite or attack is determined solely by application of the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]; *Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, [the fact that the dog was kept as a guard dog], and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law by presenting evidence that they lacked knowledge of the dog's vicious propensities, as they demonstrated that their pet dog had never previously been aggressive, growled, bared his teeth, bitten anyone, or exhibited any other signs of viciousness (*see Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]; *Levine v Kadison*, 70 AD3d 651, 652 [2010]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Collier v Zambito*, 1 NY3d at 447). The plaintiff's submissions in opposition failed to establish that the dog was kept as a guard dog and, under the circumstances of this case, evidence of the nature, extent, and gravity of the injuries failed to establish prior knowledge of the dog's vicious propensities (*see Lugo v Angle of Green*, 268 AD2d 567 [2000]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.