In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, *797 Rockland County (Berliner, J.), dated December 18, 2012, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is reversed, on the law, with one bill of costs, and the defendants’ respective motions for summary judgment dismissing the complaint insofar as asserted against each of them is granted.
“To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities” (Palumbo v Nikirk, 59 AD3d 691, 691 [2009]; see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Collier v Zambito, 1 NY3d 444, 446 [2004]; Roche v Bryant, 81 AD3d 707 [2011]; Ayres v Martinez, 74 AD3d 1002 [2010]; Hodgson-Romain v Hunter, 72 AD3d 741 [2010]). “Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog’s tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, [the fact that the dog was kept as a guard dog,] and a proclivity to act in a way that puts others at risk of harm” (Hodgson-Romain v Hunter, 72 AD3d at 741; see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Feit v Wehrli, 67 AD3d 729 [2009]; Galgano v Town of N. Hempstead, 41 AD3d 536 [2007]).
The defendants separately established their respective prima facie entitlement to judgment as a matter of law on their respective motions by demonstrating, through their deposition testimony, as well as the plaintiffs, that they “were not aware, nor should they have been aware, that this dog had ever bitten anyone or exhibited any aggressive behavior” (Christian v Petco Animal Supplies Stores, Inc., 54 AD3d 707, 708 [2008]; see Collier v Zambito, 1 NY3d at 447; Hodgson-Romain v Hunter, 72 AD3d at 741; Claps v Animal Haven, Inc., 34 AD3d 715, 716 [2006]). Indeed, the defendants testified that they had no knowledge that the dog involved in this alleged attack on the plaintiff had ever growled at, chased, bitten, or attacked anyone prior to the subject incident (see Hodgson-Romain v Hunter, 72 AD3d at 741).
The plaintiff failed to raise a triable issue of fact in opposition. The Supreme Court erred in considering the affidavit of the plaintiffs father, a nonparty witness, as he was not properly disclosed as a notice witness in the plaintiffs discovery responses (see Rizos v Galini Seafood Rest., 89 AD3d 1004 [2011]; Muniz v New York City Hous. Auth., 38 AD3d 628 [2007]; Williams v ATA Hous. Corp., 19 AD3d 406, 407 [2005]; Concetto v Pedalino, 308 AD2d 470, 470-471 [2003]; Andujar v Benenson Inv. Co., 299 AD2d 503 [2002]).
*798 Accordingly, the Supreme Court should have granted the defendants’ separate motions for summary judgment.
Eng, EJ., Miller, Hinds-Radix and Maltese, JJ., concur.