■ Rosa Ostrovsky, Appellant, v Kalika Stern, Respondent. [13 NYS3d 462]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered April 2, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability and denied her cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

On October 1, 2011, while walking on the street, the plaintiff was bitten by a black Labrador retriever owned by the defendant, a neighbor.

Aside from the limited exception set forth in *Hastings v Sauve* (21 NY3d 122, 125-126 [2013]), regarding a farm animal that strays from the place where it is kept (*see Carey v Schwab*, 122 AD3d 1142, 1143-1145 [2014]), which is not at issue here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Hastings v Sauve*, 21 NY3d at 125-126; *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). Thus, "[t]o recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d at 550; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Roche v Bryant*, 81 AD3d 707 [2011]; *Ayres v Martinez*, 74 AD3d 1002 [2010]). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (*see Collier v Zambito*, 1 NY3d at 446; *Dickson v McCoy*, 39 NY 400, 403 [1868]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Velez v Andrejka*, 126 AD3d 685 [2015]).

Here, the plaintiff failed to establish her prima facie entitle-

ment to judgment as a matter of law on the issue of the defendant's liability. In support of her motion, the plaintiff submitted her deposition testimony that, although the dog had barked "aggressively" at her prior to the incident, she had never observed the dog attack any person or another pet prior to this incident. The plaintiff also submitted the deposition testimony of a neighbor who, on two separate occasions prior to the instant attack, observed the dog growl, bark, bare its teeth, and jump at a person. Significantly, the neighbor testified that the defendant was present during both of the prior incidents. However, in support of her motion, the plaintiff submitted the deposition testimony of the defendant, who maintained that, prior to the attack on the plaintiff, the dog had never attacked any person or any other dog, and had never acted threateningly toward anyone. The defendant further testified that, although the dog might have barked at times, no one had ever complained to her about the dog or reported to her that they felt threatened by the dog. This evidence demonstrated the existence of triable issues of fact as to whether the dog displayed vicious propensities prior to the plaintiff's attack, or if it did, whether the defendant was aware of such propensities (*see Collier v Zambito*, 1 NY3d at 444; *Henry v Higgins*, 117 AD3d 796 [2014]; *cf. Roche v Bryant*, 81 AD3d 707 [2011]; *Scerri v Walsh*, 70 AD3d 922 [2010]; *Palumbo v Nikirk*, 59 AD3d at 691-692). Since the plaintiff failed to establish her entitlement to judgment as a matter of law, her motion should have been denied without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the existence of triable issues of fact as to whether the dog had vicious propensities of which the defendant was aware, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint (*see Collier v Zambito*, 1 NY3d at 447; *Dykeman v Heht*, 52 AD3d 767 [2008]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.