■ KATHLEEN GAMMON et al., Appellants, v EDWARD CURLEY et al., Respondents. [46 NYS3d 183]—

In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated December 1, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While she was walking in the backyard of the defendants' premises, the plaintiff Kathleen Gammon (hereinafter the injured plaintiff) allegedly was knocked to the ground by the defendants' dog. The injured plaintiff alleged that the defendants' dog ran at her full speed, jumped up on its hind legs, and made contact with the upper part of her chest, causing her to fall backwards to the ground. The injured plaintiff, and her husband suing derivatively, commenced this action seeking damages. The defendants moved for summary judgment dismissing the complaint, contending that the dog did not previously demonstrate any vicious propensities. The Supreme Court granted the motion, and the plaintiffs appeal.

The Supreme Court correctly held that New York does not recognize a common-law negligence cause of action for injuries allegedly caused by a domestic animal (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Egan v Hom*, 74 AD3d 1133 [2010]).

To recover in strict liability in tort for damages caused by a dog, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (*see Petrone v Fernandez*, 12 NY3d at 550; *Bueno v Seecharan*, 136 AD3d 702 [2016]; *Matthew H. v County of Nassau*, 131 AD3d 135, 144 [2015]). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Bard v Jahnke*, 6 NY3d 592, 596-597 [2006] [internal quotation marks omitted]). Indeed, "[a] known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant liable for damages resulting from such an act" (*Anderson v Carduner*, 279 AD2d 369, 369-370 [2001] [internal quotation marks omitted]; *see Earl v Piowaty*, 42 AD3d 865 [2007]).

The defendants' submissions, including the deposition testimony of the defendants and the plaintiffs, as well as the defendants' affidavits, demonstrated that prior to the subject incident, the dog was not aggressive, and did not growl or spontaneously jump on people in the fashion described by the injured plaintiff. The defendants did not restrain the dog to keep it away from guests in their home. Accordingly, the defendants established their prima facie entitlement to judgment

as a matter of law (*see Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]; *Levine v Kadison*, 70 AD3d 651, 652 [2010]; *Debellas v Verrill*, 53 AD3d 593, 594 [2008]; *Rodrigues v Norte*, 40 AD3d 1068 [2007]; *Cameron v Harari*, 19 AD3d 631 [2005]; *Slacin v Aquafredda*, 2 AD3d 624, 625 [2003]; *Althoff v Lefebvre*, 240 AD2d 604, 604 [1997]).

In opposition, the plaintiffs failed to raise a triable issue of fact. While the plaintiffs note that the defendants "trained" their dog to jump up on them on command, the deposition testimony of the defendants made clear that the dog only did so when prompted and only on immediate family members. They specifically testified that their dog had never jumped on an individual outside the immediate family. Such a jump on command is very different from the type of jump described by the injured plaintiff (*see Clark v Heaps*, 121 AD3d 1384 [2014]; *Hamlin v Sullivan*, 93 AD3d 1013, 1014-1015 [2012]).

The plaintiffs' remaining contention is without merit.

Accordingly the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Cohen v Kretzschmar*, 30 AD3d 555, 555 [2006]; *Zelman v Cosentino*, 22 AD3d 486, 486-487 [2005]). Hall, J.P., Cohen, Barros and Connolly, JJ., concur.