■ MICHAEL CARROLL, Respondent, v IOANNIS KONTARINIS et al., Appellants. [54 NYS3d 448]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated May 13, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when the defendants' dog bit him. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.

"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Gammon v Curley*, 147 AD3d 727 [2017]). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Bard v Jahnke*, 6 NY3d 592, 596-597 [2006] [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d at 597; *Velez v Andrejka*, 126 AD3d 685, 686 [2015]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they were not aware, nor should they have been aware, that their dog had ever bitten anyone or exhibited any aggressive behavior (*see Collier v Zambito*, 1 NY3d at 447; *Jackson v Georgalos*, 133 AD3d 719, 720 [2015]; *Hodgson-Romain v Hunter*, 72 AD3d at 741). Specifically, the defendants submitted the deposition testimony of the defendant Nicholas

Kontarinis, who testified that, prior to the subject incident, the dog had never bitten anyone or bared its teeth, and there were no complaints about the dog's behavior. In opposition, the plaintiff failed to raise a triable issue of fact (*see Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Schwartz v Nevatel Communications Corp.*, 8 AD3d 469, 469 [2004]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Roman and Barros, JJ., concur.