Lillo-Arouca v Masoud (2018 NY Slip Op 05150)





Lillo-Arouca v Masoud


2018 NY Slip Op 05150


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05046
 (Index No. 52069/15)

[*1]Claudia Lillo-Arouca, et al., appellants, 
v
Ingrid Masoud, et al., respondents.


Curan & Ahlers, LLP, White Plains, NY (William F. Costello of counsel), for appellants.
John Trop, Middletown, NY (James R. McCarl of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated March 31, 2017. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On May 15, 2014, the defendants' dog bit the injured plaintiff. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, alleging, inter alia, strict liability in tort for the attack. After joinder of issue and the filing of the note of issue, the defendants moved for summary judgment dismissing the amended complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (Palumbo v Nikirk, 59 AD3d 691, 691; see Collier v Zambito, 1 NY3d 444, 446; Matthew H. v County of Nassau, 131 AD3d 134, 144; Henry v Higgins, 117 AD3d 796, 797). Vicious propensities include the propensity to do any act that might endanger the safety of the person and property of others (see Collier v Zambito, 1 NY3d at 446; Matthew H. v County of Nassau, 131 AD3d at 147; Claps v Animal Haven, Inc., 34 AD3d 715, 716). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741 [citations omitted]; see Bard v Jahnke, 6 NY3d 592, 597; Carroll v Kontarinis, 150 AD3d 960; Velez v Andrejka, 126 AD3d 685, 686).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing, through the deposition testimony of the defendant Ingrid Masoud, that the defendants were not aware, nor should they have been aware, that their dog had ever bitten anyone or exhibited any aggressive behavior (see Collier v Zambito, 1 NY3d at 447; Carroll v Kontarinis, 150 AD3d at 960; Xin Kai Li v Miller, 150 AD3d 1051, 1052; Ciliotta v Ranieri, 149 AD3d 1032, 1032-1033).
In opposition, the plaintiffs failed to raise a triable issue of fact. The Supreme Court properly refused to consider the affidavit of the plaintiffs' son, a nonparty witness, in opposition to the defendants' motion, as he was not properly disclosed as a notice witness in the plaintiffs' discovery responses (see Henry v Higgins, 117 AD3d at 797; Rizos v Galini Seafood Rest., 89 AD3d 1004, 1005; Andujar v Beneson Inv. Co., 299 AD2d 503; cf. Dume v CK-HP 1985 Marcus Ave., LLC, 136 AD3d 860, 861). The court also properly declined to consider the "affidavits" of the defendants' neighbors. The "affidavits" contained no jurat or other indication the neighbors had been sworn, and therefore were not in admissible form (cf. Furtow v Jenstro Enters., Inc., 75 AD3d 494, 495; Collins v AA Truck Renting Corp., 209 AD2d 363).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the amended complaint.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court