Lina Thai Wong v Largana (2019 NY Slip Op 01584)





Lina Thai Wong v Largana


2019 NY Slip Op 01584


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02640
 (Index No. 15625/14)

[*1]Lina Thai Wong, respondent,
v
Joseph Largana, et al., appellants.


Faust Goetz Schenker & Blee LLP, New York, NY (Lisa De Lindsay of counsel), for appellants.
Michael A. Cervini, Elmhurst, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered December 18, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the afternoon of July 24, 2014, the plaintiff, a mail carrier employed by the United States Postal Service, allegedly was attacked by the defendants' dog within the exterior ground of the defendants' residence in Queens. The plaintiff commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (Palumbo v Nikirk, 59 AD3d 691, 691; see Petrone v Fernandez, 12 NY3d 546, 550; Collier v Zambito, 1 NY3d 444, 446; Ostrovsky v Stern, 130 AD3d 596). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d at 597; Velez v Andrejka, 126 AD3d 685, 686).
Here, in support of their motion for summary judgment, the defendants submitted, inter alia, the deposition testimony of the parties, which failed to establish the defendants' prima facie entitlement to judgment as a matter of law. The parties provided conflicting testimony as to the nature of the contact between the plaintiff and the dog on the day of the incident and the parties' prior observation of the dog's behavior and disposition. Accordingly, triable issues of fact exist as to whether the dog had vicious propensities and, if so, whether the defendants knew or should have known of such propensities (see Ostrovsky v Stern, 130 AD3d at 596-597; Merino v Martinez, 63 [*2]AD3d 1123, 1124; Dykeman v Heht, 52 AD3d 767, 770). Thus, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court