Deloach v Nicholson (2019 NY Slip Op 02498)





Deloach v Nicholson


2019 NY Slip Op 02498


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-07525
 (Index No. 22192/11)

[*1]Tyhime Deloach, respondent, 
v
Lucille Nicholson, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for appellant.
Joel M. Gluck, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated February 7, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On September 30, 2008, at approximately1:30 p.m. to 2:00 p.m., the plaintiff, a UPS delivery person, was bitten by a dog at a premises owned by the defendant and her two brothers, Winfield Nicholson and Wharton Nicholson. The property was a two-family, two-story house, and the defendant resided in the first floor unit with Wharton. Winfield resided in the second floor unit with his wife, Yvonne Nicholson, and their children. The dog was owned by Yvonne and resided on the second floor.
The plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the dog did not have vicious propensities and that she was unaware of the dog's alleged vicious propensities. The Supreme Court denied the motion, and the defendant appeals.
"Strict liability can . . . be imposed against a person other than the owner of an animal which causes injury if that person harbors or keeps the animal with knowledge of its vicious propensit[ies]" (Matthew H. v County of Nassau, 131 AD3d 135, 144; see Cruz v Stachowski, 142 AD3d 1326, 1328; see also Palumbo v Nikirk, 59 AD3d 691). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d at 597; Velez v Andrejka, 126 AD3d 685, 686).
The defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the dog did not have vicious propensities and, in any event, if it did, that she [*2]neither knew nor should have known that the dog had vicious propensities (see Collier v Zambito, 1 NY3d 444, 447; Cintorrino v Rowsell, 163 AD3d 919, 920; Lillo-Arouca v Masoud, 163 AD3d 646, 647; Carroll v Kontarinis, 150 AD3d 960, 960-961). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court