Drakes v Bakshi (2019 NY Slip Op 06064)





Drakes v Bakshi


2019 NY Slip Op 06064


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-09989
 (Index No. 5353/16)

[*1]Frances Drakes, et al., appellants, 
v
Manu Bakshi, et al., respondents.


Eric S. Kobrick, East Hills, NY, for appellants.
Garbarini & Scher, P.C., New York, NY (William D. Buckley of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered June 29, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 5, 2016, the defendants' dog allegedly mauled a small dog owned by the plaintiff Felice Kobrick and bit the finger of the plaintiff Frances Drakes. The incident occurred in the street abutting the defendants' property in Nassau County. A few days later, Kobrick's dog was euthanized. The plaintiffs commenced this action against the defendants, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
To recover in strict liability for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (see Petrone v Fernandez, 12 NY3d 546, 550; M.B. v Hanson, 168 AD3d 706, 708; Carroll v Kontarinis, 150 AD3d 960; Matthew H. v County of Nassau, 131 AD3d 135, 144; Palumbo v Nikirk, 59 AD3d 691). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (see Collier v Zambito, 1 NY3d 444, 446; Gammon v Curley, 147 AD3d 727, 728; Claps v Animal Haven, Inc., 34 AD3d 715, 716). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d 592, 597; Collier v Zambito, 1 NY3d at 446-447).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that they neither knew nor should have known that their dog had vicious propensities (see Xin Kai Li v Miller, 150 AD3d 1051, 1052; Ioveno v Schwartz, 139 AD3d 1012, 1013; Bueno v Seecharan, 136 AD3d 702, 703; Roche v Bryant, 81 AD3d 707, 708; Ayres v Martinez, 74 AD3d 1002). In support of their motion, the defendants submitted, inter alia, the deposition testimony of the parties. According to the defendants, prior to the incident, their dog had [*2]never bitten anyone or another animal. Their dog was allowed to roam freely inside the house and in the backyard, and it resided with the defendants' two small children and two other dogs without incident. In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court