LANCE SPINOSA, Appellant, v CHARLES F. BECK et al.,
Respondents. [909 NYS2d 850]—

Appeal from an order of the Supreme Court, Cayuga County
(Thomas G. Leone, A.J.), entered May 15, 2009 in a personal
injury action. The order granted the motion of defendants for
summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-
ages for injuries he sustained when he was bitten by a dog in an
apartment owned by defendants. We conclude that Supreme
Court properly granted defendants' motion for summary judg-
ment dismissing the complaint. Defendants established their
entitlement to judgment as a matter of law by demonstrating
that they neither knew nor had reason to know of the dog's al-
legedly vicious propensities (see Francis v Becker, 50 AD3d 1507
[2008]), and plaintiff failed to raise a triable issue of fact in op-
position to the motion (see generally Zuckerman v City of New
York, 49 NY2d 557, 562 [1980]). Charles F. Beck (defendant)
testified at his deposition that he never received any complaints
about the dog, never heard of any incidents in which the dog
had injured someone and never observed the dog acting in an
aggressive manner by growling, chasing, jumping or barking
(see Smedley v Ellinwood, 21 AD3d 676 [2005]; LePore v Di-
Carlo, 272 AD2d 878 [2000], lv denied 95 NY2d 761 [2000]).
Plaintiff testified at his deposition that he did not inform de-
fendants of a prior incident where the dog bit his sleeve, and
the dog's owner likewise testified at his deposition that he did

not inform defendants of any prior incidents involving the dog. Contrary to plaintiff's contention, the deposition testimony of the dog's owner concerning an incident in which defendant knocked on the apartment door and was allegedly scared when the dog barked and came to the door was insufficient to raise a triable issue of fact with respect to defendants' knowledge of the allegedly vicious propensities of the dog. The dog's actions in barking and approaching the door in response to a stranger's knock "are consistent with normal canine behavior" (*Collier v Zambito*, 1 NY3d 444, 447 [2004]; *see also Williams v City of New York*, 306 AD2d 203, 204 [2003]; *Gill v Welch*, 136 AD2d 940 [1988]).

We reject plaintiff's further contention that a triable issue of fact exists with respect to whether defendants had knowledge of the dog's allegedly vicious propensities based on the fact that the dog's owner kept the dog behind a gate in the apartment. Plaintiff failed to present evidence establishing that the dog was confined because the owners feared that he would attack or injure their visitors (*see Collier*, 1 NY3d at 447; *Sers v Manasia*, 280 AD2d 539 [2001], *lv denied* 96 NY2d 714 [2001]). Indeed, plaintiff testified at his deposition that the gate was used because the dog's owners "didn't want to have the dog bothering anyone," and defendant testified at his deposition that he presumed the gate was used to keep the dog out of his way. Finally, even assuming, arguendo, that defendants were aware of the breed of the dog, we conclude that the dog's breed, i.e., bull terrier, is insufficient by itself to raise a triable issue of fact whether defendants had knowledge of the dog's allegedly vicious propensities (*see Loper v Dennie*, 24 AD3d 1131, 1133 [2005]; *Mulhern v Chai Mgt.*, 309 AD2d 995, 997 [2003], *lv denied* 1 NY3d 508 [2004]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.