■ CHAYA LEAH V. BUENO, Respondent, v STEFAN SEECHARAN, Appellants. (And a Third-Party Action.) [24 NYS3d 203]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated January 23, 2014, which denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is granted.

On August 25, 2008, the plaintiff was working at her job at Noah's Ark Veterinary Practice, PLLC (hereinafter Noah's Ark), in Brooklyn, when she allegedly was attacked and bitten by a dog owned by the defendants. At that time, the dog was being boarded at Noah's Ark. Thereafter, the plaintiff commenced this action alleging, among other things, strict liability in tort. The defendants cross-moved for summary judgment dismissing the complaint on the ground, inter alia, that they had no knowledge that their dog had any vicious propensities. The Supreme Court denied their cross motion.

Aside from the limited exception set forth in *Hastings v Sauve* (21 NY3d 122, 125-126 [2013]), regarding a farm animal that strays from the place where it is kept (*see Carey v Schwab*, 122 AD3d 1142, 1143-1145 [2014]), which is not at issue here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Hastings v Sauve*, 21 NY3d at 125-126; *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). Thus, "[t]o recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d at 550; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Roche v Bryant*, 81 AD3d 707 [2011]; *Ayres v Martinez*, 74 AD3d 1002 [2010]). Vicious propensities include the propensity to do any act that might endanger the safety of

the persons and property of others (*see Collier v Zambito*, 1 NY3d at 446; *Dickson v McCoy*, 39 NY 400, 403 [1868]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Velez v Andrejka*, 126 AD3d 685 [2015]).

In support of their cross motion, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating, via their affidavits, that they were not aware, and should not have been aware, that their dog had ever bitten anyone or exhibited any aggressive behavior prior to the subject attack (*see Collier v Zambito*, 1 NY3d at 447; *Hodgson-Romain v Hunter*, 72 AD3d at 741; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). The defendants averred that they had no knowledge that their dog had ever acted in a hostile or an aggressive manner, and that it had never attacked, bitten, scratched, or otherwise acted in a violent or a belligerent manner towards any human or towards another dog prior to the subject incident (*see Hodgson-Romain v Hunter*, 72 AD3d at 741). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the complaint.

The defendants' remaining contentions are without merit. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.