Kevin Ioveno, an Infant, by His Father and Natural Guardina, Joseph Ioveno, et al., Appellants, v Jason Schwartz et al., Respondents. [32 NYS3d 297]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated April 6, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 28, 2012, the infant plaintiff, then 10 years old, allegedly was bitten in the upper lip by the defendants' dog at the defendants' house in Suffolk County. The infant plaintiff was a friend of the defendants' son, and had been a guest at the defendants' home on approximately 10 occasions, including several overnight stays, in 2012 prior to the subject incident. The plaintiffs allege that the infant plaintiff and the defendants' son entered the kitchen and were each petting the dog, on opposite sides, at the same time, for approximately 10 seconds, when the dog suddenly jumped up and bit the infant plaintiff. The infant plaintiff, and his father suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that there was no evidence of prior actual knowledge of the vicious propensities of the dog. The Supreme Court granted the motion. The plaintiffs appeal.

To recover in strict liability in tort for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bueno v Seecharan, 136 AD3d 702 [2016]; Matthew H. v County of Nassau, 131 AD3d 135, 144 [2015]; Palumbo v Nikirk, 59 AD3d 691, 691 [2009]). Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]; Bueno v Seecharan, 136 AD3d 702 [2016]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law. The evidence submitted in support of their motion, including the deposition transcripts of the testimony of each plaintiff and each defendant, estab-

lished that the defendants were not aware, nor should they have been aware, that this dog had ever bitten anyone or exhibited any aggressive behavior or vicious propensities. The deposition testimony demonstrated that prior to the subject incident, the dog at most merely barked at guests when they first came to the house. The dog did not snap its teeth. It did not chase people. The dog generally stayed in the kitchen, but was not kept away for the safety of others. The infant plaintiff had been a guest on multiple occasions at the defendants' home without concern about any vicious propensities of the dog. There was no evidence that the dog was trained to guard the home (*see Collier v Zambito*, 1 NY3d at 447; *Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]; *Levine v Kadison*, 70 AD3d 651, 652 [2010]; *Palumbo v Nikirk*, 59 AD3d at 692).

In opposition, the plaintiffs failed to raise a triable issue of fact regarding the defendants' prior knowledge of the dog's alleged vicious propensities. The mere fact that the dog previously barked at people, or even growled on one or two occasions at strangers coming to the defendants' home unannounced, was insufficient to raise a triable issue of fact as to whether it had vicious propensities (*see Vallejo v Ebert*, 120 AD3d 797, 798 [2014]; *Ayres v Martinez*, 74 AD3d 1002, 1002 [2010]; *Brooks v Parshall*, 25 AD3d 853, 854 [2006]).

Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Hall, J.P., Cohen, Miller and Barros, JJ., concur.