█ Lawrence Ciliotta, Appellant, v Frank Ranieri et al., Respondents. [52 NYS3d 474]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ash, J.), dated December 10, 2014, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the defendant Nicole Ranieri, and (2) an order of the same court dated May 20, 2015, which denied his motion for leave to renew and reargue his opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint and his cross motion for summary judgment on the issue of liability insofar as asserted against the defendant Nicole Ranieri.

Ordered that the appeal from so much of the order dated May 20, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 10, 2014, is affirmed; and it is further,

Ordered that the order dated May 20, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On April 14, 2011, the defendant Nicole Ranieri (hereinafter Nicole) was walking her dog in front of the residence of the plaintiff. An argument between Nicole and the plaintiff escalated until the dog bit the plaintiff on the arm. The plaintiff commenced this personal injury action against Nicole, among others. The defendants moved, inter alia, for summary judgment dismissing the complaint, arguing that Nicole did not have prior knowledge of any vicious propensities of the dog. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability insofar as asserted against Nicole, arguing that Nicole was strictly liable because she had prior knowledge of the dog's vicious propensities and she acted with intent in directing the dog to bite the plaintiff.

In an order dated December 10, 2014, the Supreme Court

granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and denied the plaintiff's cross motion. The plaintiff subsequently moved pursuant to CPLR 2221 for leave to renew and reargue his opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint and his cross motion for summary judgment on the issue of liability insofar as asserted against Nicole. In an order dated May 20, 2015, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the orders dated December 10, 2014, and May 20, 2015.

"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating, through Nicole's deposition testimony, that she was not aware, nor should she have been aware, that the dog had ever bitten anyone or exhibited any aggressive behavior (*see Collier v Zambito*, 1 NY3d at 447; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 708 [2008]). Nicole testified that she had purchased the dog when it was two months old, the dog had undergone obedience training, and the dog had never attacked or bitten anyone before the incident at issue.

The plaintiff failed to raise a triable issue of fact in opposition. The only evidence offered by the plaintiff to demonstrate that, prior to this incident, the dog had exhibited fierce or hostile tendencies was hearsay, which is insufficient, on its own, to bar summary judgment (*see Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Stock v Otis El. Co.*, 52 AD3d 816, 817 [2008]). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. For the same reasons, the court properly denied the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against Nicole.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his subsequent motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Mollin v County of Nassau*,

2 AD3d 600, 601 [2003]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). Here, the new evidence submitted by the plaintiff consisted of a certified copy of a report of the New York City Department of Health and Mental Hygiene, allegedly demonstrating that a dog owned by Nicole had bitten another person in August 2010. This report would not have changed the prior determination, as there was no evidence that the dog referenced in the report was the same dog that had bitten the plaintiff. Moreover, the plaintiff did not set forth a reasonable justification for failing to submit a certified copy of the report in support of his cross motion and in opposition to the defendants' motion.

The plaintiff's remaining contentions are without merit. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.