State Farm Mutual Automobile Insurance Company, as Subrogee of Regina A. Smith, Respondent,
against
Alieu Drammeh, Appellant.




Alieu Drammeh, appellant pro se.
Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered March 16, 2017. The order denied defendant's motion, in effect, for leave to renew his prior motion to vacate a default judgment of that court entered April 5, 2004 upon defendant's failure to appear or answer the complaint, which prior motion had been denied in a decision and order of this court dated January 29, 2010 (see 26 Misc 3d 136[A], 2010 NY Slip Op 50158[U]), which determined an appeal from an order of the Civil Court entered February 24, 2009.




ORDERED that the order entered March 16, 2017 is affirmed, without costs.
In this subrogation action, a default judgment was entered in plaintiff's favor in April 2004. In January 2009, defendant moved, by order to show cause, to vacate the default judgment. By order entered February 24, 2009, the Civil Court (Ingrid Joseph, J.) granted the motion and plaintiff appealed. By decision and order dated January 29, 2010, this court reversed that order, finding that defendant had not established a meritorious defense to the action (26 Misc 3d 136[A], 2010 NY Slip Op 50158[U]), and denied defendant's motion. In January 2017, defendant again moved to vacate the default judgment. Plaintiff opposed the motion. Defendant appeals from an order of the Civil Court (Sally E. Unger, J.) entered March 16, 2017 which denied the motion.
As defendant had already moved to vacate the April 2004 default judgment, the subsequent motion, in effect, sought leave to renew his January 2009 motion. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the [*2]prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Ciliotta v Ranieri, 149 AD3d 1032, 1033 [2017]). However, defendant failed to set forth any justification for his previous failure to present the facts raised on the subsequent motion. Renewal is not available as a "second chance" for parties who have not exercised due diligence in making their first factual presentation (see Ciliotta v Ranieri,149 AD3d at 1034; Jovanovic v Jovanovic, 96 AD3d 1019, 1020 [2012]). Consequently, defendant's motion was properly denied. 
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018