Hai v Psoras (2018 NY Slip Op 07704)





Hai v Psoras


2018 NY Slip Op 07704


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-02596
 (Index No. 11124/11)

[*1]Ishfaq Hai, etc., et al., appellants, 
v
Athena Psoras, respondent, et al. defendant.


Surdez & Perez, P.C., Astoria, NY (Kevin J. Perez of counsel), for appellants.
Roe & Associates, Garden City, NY (William J. Balletti and Thomas Dillon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered November 20, 2015. The order granted the motion of the defendant Athena Psoras for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
On June 3, 2008, the plaintiff Ishfaq Hai (hereinafter Ishfaq), then 11 years old, allegedly was injured when he was bitten by a dog in the care of the defendant Athena Psoras (hereinafter Athena). According to Ishfaq, he was walking past Athena's son, Nektarios, who was walking the dog, when the dog jumped up and bit him in the arm. Thereafter, the plaintiffs commenced this action to recover damages for the injuries allegedly sustained by Ishfaq. Athena moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that she had no notice of the dog's alleged vicious propensities. The Supreme Court granted the motion. The plaintiffs appeal. We affirm.
To recover damages for injuries caused by a dog bite or attack upon a theory of strict liability, "a plaintiff must establish that the dog had vicious propensities and that the owner [or harborer] knew or should have known of the dog's vicious propensities" (Ioveno v Schwartz, 139 AD3d 1012, 1012; see Petrone v Fernandez, 12 NY3d 546, 550; Collier v Zambito, 1 NY3d 444, 446; Matthew H. v County of Nassau, 131 AD3d 135, 144; Hodgson-Romain v Hunter, 72 AD3d 741; Palumbo v Nikirk, 59 AD3d 691, 691). Knowledge of vicious propensities may be established by evidence of, among other things, a prior similar attack or by evidence that the dog was known to growl, snap, or bare its teeth (see Bard v Jahnke, 6 NY3d 592, 597; Collier v Zambito, 1 NY3d at 447; Ioveno v Schwartz, 139 AD3d at 1012; Bueno v Seecharan, 136 AD3d 702, 703; Matthew H. v County of Nassau, 131 AD3d at 147; Hodgson-Romain v Hunter, 72 AD3d at 741). "Knowledge of an animal's vicious propensities may also be discerned, by a jury, from the nature and result of the attack" (Matthew H. v County of Nassau, 131 AD3d at 148; see Wilson v Livingston, 305 AD2d 585, 586).
Here, Athena made a prima facie showing of her entitlement to judgment as a matter [*2]of law by demonstrating that she was not aware, nor should she have been aware, that the dog had ever bitten anyone or exhibited aggressive behavior prior to the attack (see Carroll v Kontarinis, 150 AD3d 960, 960-961; Xin Kai Li v Miller, 150 AD3d 1051, 1052; Ioveno v Schwartz, 139 AD3d at 1013; Bueno v Seecharan, 136 AD3d at 703). The deposition testimony of Athena, Nektarios, and the plaintiffs demonstrated that, in the time that the dog was being cared for by Athena, it never bit anyone, nor did it growl, snarl, bark, lunge, snap, or bare its teeth.
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Athena knew or should have known of the dog's alleged vicious propensities. The fact that the dog had previously bitten and locked its jaws on a stick was insufficient to raise a triable issue of fact as to whether it had vicious propensities (see Collier v Zambito, 1 NY3d at 447-448; Ioveno v Schwartz, 139 AD3d at 1013). Nektarios' testimony that he told Ishfaq to get away from the dog just before the attack does not indicate that he believed the dog to be dangerous. Indeed, Ishfaq testified that Nektarios had invited him to pet the dog approximately one week prior to the incident and said that it would not bite, indicating Nektarios did not believe the dog to be dangerous (see Collier v Zambito, 1 NY3d at 448). Further, the nature and severity of the attack does not demonstrate that Athena knew or should have known of the dog's alleged vicious propensities (see Malpezzi v Ryan, 28 AD3d 1036, 1038; Sers v Manasia, 280 AD2d 539, 540).
Accordingly, we agree with the Supreme Court's determination to grant Athena's motion for summary judgment dismissing the complaint insofar as asserted against her.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court