Bukhtiyarova v Cohen (2019 NY Slip Op 03945)





Bukhtiyarova v Cohen


2019 NY Slip Op 03945


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-08771
2017-01400
 (Index No. 500528/10)

[*1]Yelena Bukhtiyarova, appellant, 
v
Stephen Cohen, et al., respondents.


William Pager, Brooklyn, NY, for appellant.
Mitchell Studley, Jericho, NY (Thomas Torto and Jason Levine of counsel), for respondent Stephen Cohen.
Dillon Horowitz & Goldstein LLP, New York, NY (Thomas Dillon of counsel), for respondents Beach Haven Group, LLC, Robert Migliono, Ron Pace, and Jeff Pace.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 28, 2016, and (2) an order of the same court dated January 5, 2017. The order dated July 28, 2016, insofar as appealed from, granted the motion of the defendants Beach Haven Group, LLC, Robert Migliono, Ron Pace, and Jeff Pace for summary judgment dismissing the amended complaint insofar as asserted against them, and granted that branch of the cross motion of the defendant Stephen Cohen which was for summary judgment dismissing the amended complaint insofar as asserted against him. The order dated January 5, 2017, denied the plaintiff's motion, in effect, for leave to renew her opposition to the motion of the defendants Beach Haven Group, LLC, Robert Migliono, Ron Pace, and Jeff Pace and that branch of the cross motion of the defendant Stephen Cohen which was for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order dated July 28, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 5, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
On October 29, 2009, the plaintiff allegedly sustained injuries when she was bitten by a dog residing in the apartment of the defendant Stephen Cohen. Subsequently, the plaintiff commenced this personal injury action against Cohen. She later amended the complaint to name as additional defendants Beach Haven Group, LLC, the owner of the apartment building; Robert Migliono, the building's superintendent; and Ron Pace and Jeff Pace, who managed the property (hereinafter collectively the Beach Haven defendants). The Beach Haven defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that [*2]the dog did not have vicious propensities and, in any event, that they did not know or have reason to know of such alleged propensities. Cohen cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against him, also arguing that the dog did not have vicious propensities. The Supreme Court, inter alia, granted the Beach Haven defendants' motion and that branch of Cohen's cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against him. Thereafter, the plaintiff moved, in effect, for leave to renew her opposition to the Beach Haven defendants' motion and that branch of Cohen's cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against him. The court denied the plaintiff's motion. The plaintiff appeals.
The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability, whereby "a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities" (Ioveno v Schwartz, 139 AD3d 1012, 1012; see Petrone v Fernandez, 12 NY3d 546, 550; Collier v Zambito, 1 NY3d 444, 446; Hai v Psoras, 166 AD3d 732, 733; Cintorrino v Roswell, 163 AD3d 919, 920; Carroll v Kontarinis, 150 AD3d 960, 960; Xin Kai Li v Miller, 150 AD3d 1051, 1052). "To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities; and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Velez v Andrejka, 126 AD3d 685, 686; McKnight v ATA Hous. Corp., 94 AD3d 957, 957; Jones v Pennsylvania Meat Mkt., 78 AD3d 658, 659).
"Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Collier v Zambito, 1 NY3d at 446 [internal quotation marks omitted]; see Bueno v Seecharan, 136 AD3d 702, 702-703). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (Ioveno v Schwartz, 139 AD3d at 1012; see Bard v Jahnke, 6 NY3d 592, 597; Xin Kai Li v Miller, 150 AD3d at 1052; Hodgson-Romain v Hunter, 72 AD3d 741, 741).
Here, the Beach Haven defendants and Cohen each established their prima facie entitlement to judgment as a matter of law by demonstrating that the dog did not have vicious propensities and, in any event, that they neither knew nor should have known that the dog had vicious propensities (see Collier v Zambito, 1 NY3d at 446-447; Cintorrino v Roswell, 163 AD3d at 920; Ioveno v Schwartz, 139 AD3d at 1013). In opposition, the plaintiff failed to raise a triable issue of fact regarding whether the dog had vicious propensities. Contrary to the plaintiff's contention, her deposition testimony that the dog barked at her and her dog and that the dog strained its leash toward her dog was insufficient to raise a triable issue of fact as to whether it had vicious propensities (see Ioveno v Schwartz, 139 AD3d at 1013; Campo v Holland, 32 AD3d 630, 631). Moreover, regardless of whether the Beach Haven defendants were aware of the behavior the plaintiff described in her testimony, it was insufficient to raise a triable issue of fact with respect to the Beach Haven defendants' knowledge of the dog's allegedly vicious propensities. The dog's actions in barking at another dog and pulling its leash are "consistent with normal canine behavior" (Collier v Zambito, 1 NY3d at 447; see Spinosa v Beck, 77 AD3d 1426, 1427).
We disagree with the Supreme Court's determination to deem the plaintiff's motion, in effect, for leave to renew her opposition to the Beach Haven defendants' motion and that branch of Cohen's cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against him as a motion for leave to reargue, since the plaintiff's motion was based on new facts not offered on the prior motion and cross motion (see CPLR 2221[e][2]). The plaintiff's affidavit submitted in support of her motion alleged facts that were not presented in her opposition to the prior motion and cross motion. However, the plaintiff's motion was properly denied. "A motion for leave to renew shall be based on new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion" (Cilotta v Ranieri, 149 AD3d 1032, 1033-1034 [internal [*3]quotation marks omitted]; see CPLR 2221[e][2], [3]; Renna v Gullo, 19 AD3d 472, 473). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Cilotta v Ranieri, 149 AD3d at 1034). Here, the plaintiff did not set forth a reasonable justification for failing to submit the new facts alleged in her affidavit in opposition to the prior motion and cross motion.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court