Leader v Steinway, Inc. (2020 NY Slip Op 04833)





Leader v Steinway, Inc.


2020 NY Slip Op 04833


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-02241
 (Index No. 6433/16)

[*1]Mervin T. Leader, etc., respondent,
v
Steinway, Inc., et al., defendants, Queens County Carting and Demolition, appellant.


Wade Clark Mulcahy, LLP, New York, NY (Vincent F. Terrasi of counsel), for appellant.
G. Wesley Simpson, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the defendant Queens County Carting and Demolition appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered October 3, 2018. The order denied that defendant's motion pursuant to CPLR 2221 for leave to renew and reargue its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, which had been denied in an order of the same court dated January 5, 2018.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for the wrongful death and conscious pain and suffering of the decedent resulting from an automobile accident that occurred in 2014. The complaint alleged that the decedent, a passenger in a vehicle traveling westbound on 19th Avenue near 37th Street in Queens, was killed when the vehicle plunged into a creek due to a missing or collapsed guardrail at the location. The complaint further alleged that the defendant Queens County Carting and Demolition (hereinafter the defendant) made special use of the area where the accident occurred, thereby causing or contributing to the collapse of the guardrail.
In June 2017, the defendant filed a pre-discovery motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated January 5, 2018, the Supreme Court denied the defendant's motion as premature, with leave to renew after the completion of discovery. In February 2018, the defendant moved pursuant to CPLR 2221 for leave to renew and reargue its prior motion for summary judgment. The defendant's motion was [*2]based on evidence obtained from related litigation against the City of New York involving the same accident in an action entitled Gravely v City of New York, under Queens County Index No. 643/15 (hereinafter the related litigation). In a decision and order entered October 3, 2018, the Supreme Court denied the defendant's motion. The defendant appeals.
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927). "A motion for leave to renew is not a second chance freely given to a party who has not exercised due diligence in making its first factual presentation" (Krobath v South Nassau Communities Hosp., 178 AD3d 810, 811).
Here, we agree with the Supreme Court's determination that the new facts submitted in support of renewal were available to the defendant at the time of the original motion, and that the defendant did not set forth a reasonable justification for failing to submit those facts on the prior motion. Moreover, the defendant failed to establish that the new facts would have changed the prior determination (see e.g. Ciliotta v Ranieri, 149 AD3d 1032, 1034). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court