Piedimonte v Alvarenga-Benitez (2024 NY Slip Op 02072)

Piedimonte v Alvarenga-Benitez

2024 NY Slip Op 02072

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-01135
 (Index No. 609314/18)

[*1]Kathleen Piedimonte, etc., et al., appellants, 
v
Inez A. Alvarenga-Benitez, respondent.

Cellino Law, LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 13, 2021. The order denied the plaintiffs' motion for summary judgment on the issue of liability and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff Kathleen Piedimonte (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries the injured plaintiff allegedly sustained as a result of an encounter with the defendant's dog. The injured plaintiff testified at her deposition that the dog bit the back of her leg and jumped on her, causing her to fall and break her leg. The plaintiffs subsequently moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint, contending that his dog did not have vicious propensities and that, in any event, he neither knew, nor should have known, that the dog had any such propensities. In the order appealed from, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross-motion. The plaintiffs appeal.
"The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability, whereby 'a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities'" (Bukhtiyarova v Cohen, 172 AD3d 1153, 1154, quoting Ioveno v Schwartz, 139 AD3d 1012, 1012; see Collier v Zambito, 1 NY3d 444, 446; Cantore v Costantine, 221 AD3d 56). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d 592, 597).
Here, the defendant failed to submit sufficient evidence to establish, prima facie, [*2]either that his dog did not have vicious propensities, or that he did not know, or have reason to know, of the dog's vicious propensities. The defendant's submissions, including, among other things, the transcripts of the deposition testimony of the injured plaintiff and two neighborhood residents, demonstrated that prior to the subject incident, the dog regularly barked, growled, and bared his teeth, and chased children in the neighborhood. Additionally, the injured plaintiff testified that one month before the incident, the defendant's wife saw the dog bite through the injured plaintiff's pant leg (see King v Hoffman, 178 AD3d 906, 908). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, his cross-motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the plaintiffs' contention, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability. In support of their motion, the plaintiffs submitted, inter alia, a transcript of the defendant's deposition testimony indicating that, prior to the incident, he was not aware, nor should he have been aware, that the dog had ever bitten anyone or exhibited any aggressive behavior (see Ciliotta v Ranieri, 149 AD3d 1032, 1033). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court